UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) BILLIE MONROE,<br><br>            Plaintiff,<br><br>vs.<br><br>(1) HARTFORD UNDERWRITERS<br>     INSURANCE COMPANY<br><br>            Defendant. | Case No. 17-CV-247-JHP<br><br>(Removed from District Court of<br>Bryan County, Case No. CJ-2017-59) |

## NOTICE OF REMOVAL

Defendant Hartford Underwriters Insurance Company ("Hartford"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes the above-captioned action pending in the District Court of Bryan County, Oklahoma, to the United States District Court for the Eastern District of Oklahoma. The grounds for removal are as follows:

1. Plaintiff commenced this action entitled *Billie Monroe v. Hartford Underwriters Insurance Company*, Case No. CJ-2017-59 (the "Action"), by filing the Petition with the District Court of Bryan County, Oklahoma (hereinafter the "Complaint"), on April 12, 2017. *See* Ex. 1, Compl.

2. The Complaint purports to state claims against Hartford for breach of the covenant of good faith and fair dealing (First, Second and Third Causes of Action). Plaintiff seeks against Hartford damages in an amount in excess of $100,000 and seeks punitive damages, attorney's fees, costs, and interest. Compl. p. 3.

3. The Complaint in the Action is attached as Exhibit 1. A copy of the Docket Sheet, Bryan County, Case No. CJ-2017-59, is attached as Exhibit 2. The summons served on

Hartford is attached as Exhibit 3.  A docket entry filed in Bryan County District Court entitled Summons Issued is attached as Exhibit 4.  Pursuant to 28 U.S.C. § 1446(a), Hartford has attached all process, pleadings, and orders served upon it in this case.  There are no motions pending before the Bryan County District Court in this matter, nor are any hearings currently set.

4. As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. §§ 1332, 1441, and 1446 because Hartford has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

**I.     Hartford has satisfied the procedural requirements for removal.**

5. Hartford was served by the Corporation Company on June 7, 2017.  *See* Ex. 3, Service of Process on Hartford.  Thus, Hartford is timely removing this case to the U.S. District Court for the Eastern District of Oklahoma.

6. Under 28 U.S.C. § 1446(a), the United States District Court for the Eastern District of Oklahoma is the appropriate court for filing this Notice of Removal from the District Court of Bryan County, Oklahoma, where the Action is pending.  *See* 28 U.S.C. § 116(b).

7. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1391(b).

**II.    Removal is proper because this Court has subject matter jurisdiction under 28 U.S.C. § 1332.**

8. This Court has original jurisdiction over this action under the diversity of citizenship provision contained in 28 U.S.C. § 1332(a) because this is a civil action (A) where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and (B) between citizens of different states.  Thus, the Action may be removed to this Court by Hartford pursuant to 28 U.S.C. § 1441(a).

### A. The amount in controversy requirement is satisfied.

9. It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of interest and costs. *See* Ex. 1, Compl. ¶ 1 ("The amount in controversy exceeds $75,000.00 exclusive of interest and costs . . . ."); *see id.* p. 3 ("Plaintiff prays judgment against Defendant in the amount of $100,000.00 on the contract claim, an amount in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code on the tort claim, including actual and punitive damages, costs, civil fines, attorneys' fees and all other relief deemed appropriate by the court.").

10. The allegations regarding damages in the Complaint are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

### B. Complete diversity of citizenship exists between Plaintiff and Hartford.

11. Hartford is a corporation organized under the laws of the State of Connecticut, with its principal place of business in the State of Connecticut. Thus, it is a citizen of Connecticut for purposes of diversity jurisdiction.

12. Per the Complaint, Plaintiff is a resident of Oklahoma. *See* Ex. 1, Compl. ¶ 3. Residence, while not equivalent to citizenship, is prima facie evidence of domicile. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Domicile is equivalent to citizenship for purposes of diversity jurisdiction. *See Smith v. Cummings*, 445 F.3d 1254, 1259-60 (10th Cir. 2006). Based on the foregoing and upon information and belief, Plaintiff is a citizen of Oklahoma.

13. Hartford reserves the right to amend or supplement this Notice of Removal.

14. Hartford reserves all defenses, including, without limitation, those set forth in Fed. R. Civ. P. 12(b).

15. Hartford has not yet filed a responsive pleading and reserves the right to file its responsive pleading in accordance with Fed. R. Civ. P. 81(c)(2)(C) and Fed. R. Civ. P. 6(a)(1)(C), or as otherwise extended by Order of this Court.

16. This action is not related to any previously filed case in this Court, per LCvR 3.1.

17. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the state court promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Hartford removes this Action to this Court under 28 U.S.C. §§ 1332, 1441, and 1446, and invokes this Court's jurisdiction.

Respectfully submitted this 27th day of June, 2017.

*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:    (405) 235-9621
Facsimile:    (405) 235-0439
E-mail:       jodi.dishman@mcafeetaft.com

ATTORNEY FOR DEFENDANT

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 27, 2017, a true and correct copy of the foregoing **Notice of Removal** was filed and served via the CM/ECF e-file system and by U.S. mail upon the following:

W. Cullen McMahon
W. Cullen McMahon, PLLC
12221 Merit Drive, Suite 945
Dallas TX 75251

                                                 */s/ Jodi W. Dishman*
                                                 Jodi W. Dishman