UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BILLIE MONROE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:17-cv-00247-JHP |
| | ) | |
| HARTFORD UNDERWRITERS | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER OF**
**HARTFORD UNDERWRITERS INSURANCE COMPANY**

For its Answer to the Petition [ECF Doc. No. 2-1] (hereinafter the "Complaint") filed in this matter by Plaintiff Billie Monroe ("Plaintiff"), Defendant Hartford Underwriters Insurance Company ("Hartford") states as follows.  Each and every allegation contained in the Complaint is denied unless specifically admitted herein.  Each numbered paragraph and heading in the Answer below responds to the corresponding numbered paragraph and heading in the Complaint.

**ALLEGED JURISDICTION AND VENUE**

1. The allegations in paragraph 1 constitute legal conclusions to which no response is required.  To the extent a response is required, Hartford denies the allegations.  Hartford states that jurisdiction is proper in the United States District Court for the Eastern District of Oklahoma.

2. The allegations in paragraph 2 constitute legal conclusions to which no response is required.  To the extent a response is required, Hartford denies the allegations.  Hartford states that venue is proper in the United States District Court for the Eastern District of Oklahoma.

1

## ALLEGED PARTIES

3.      Upon information and belief, Hartford admits that Plaintiff is a resident of Antlers, Oklahoma.

4.      Denied as stated.  Hartford admits that it is a Connecticut corporation with its principal place of business in Connecticut.  The remaining allegations in paragraph 4 constitute legal conclusions regarding Oklahoma statutes and service of process to which no response is required.  To the extent a response is required, Hartford admits it was properly served in this lawsuit and is not challenging service of process.  Except as expressly admitted, denied.

## ALLEGED FACTUAL BACKGROUND

5.      Denied as stated.  Hartford admits Plaintiff is listed as a "Named Insured" on a personal automobile policy 55 PHF521009 for the policy period January 29, 2012, to January 29, 2013, issued by Hartford, for a 2012 Toyota Camry/SE/LE/XLE Vehicle ID Number 4T4BF1FKXCR186635 (the "Subject Vehicle"), consisting of the Declarations, Limits of Insurance, Coverage Forms, Common Policy Conditions and any other Forms or Endorsements or Schedules to be part of the policy and subject to all terms, conditions, definitions, coverages, and limitations of the Policy, which speaks for itself (hereinafter referred to as the "Policy").  Hartford admits that on April 16, 2012, Plaintiff was involved in an automobile accident in the Subject Vehicle.  Hartford denies the characterizations in paragraph 5 that "Plaintiff suffered serious injuries from a car wreck."  Hartford states that on information and belief, Plaintiff had injuries or medical conditions that predated the collision referenced in paragraph 5.  Except as expressly admitted, denied.

6.      Hartford lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in paragraph 6, and on that basis, Hartford denies the same.

7.      Denied.

## ALLEGED FIRST CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

8.      Hartford incorporates its responses contained in paragraphs 1 through 7 above as if fully restated herein.

9.      Denied as stated.  The Policy speaks for itself, and therefore, Hartford need not respond to allegations characterizing the same.  To the extent that a response is required, Hartford incorporates its response to paragraph 5 above, as if fully restated herein.  Hartford further states that the Policy Part C provides Uninsured Motorists ("UM") Coverage subject to the conditions, terms, limitations, definitions, and exclusions of the Policy, and that the UM Bodily Injury limits are $200,000 per person, pursuant to stacking available under Oklahoma law at the time of the accident.  Except as expressly admitted, denied.

10.     Denied.

## ALLEGED SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

11.     Hartford incorporates its responses contained in paragraphs 1 through 10 above as if fully restated herein.

12.     Denied.

## ALLEGED THIRD CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

13.     Hartford incorporates its responses contained in paragraphs 1 through 12 above as if fully restated herein.

14.     Denied.

Hartford denies the "WHEREFORE" paragraph and denies that Plaintiff is entitled to recover any damages or relief against Hartford.

Unless otherwise expressly admitted or averred above, Hartford denies each and every allegation and each and every characterization contained in Plaintiff's Complaint.

Hartford requests that the Court enter judgment in favor of Hartford, together with costs, attorneys' fees, and such other and further relief as the Court deems appropriate.

### AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

Without assuming any burden of proof imposed on the Plaintiff under the law, and without assuming any burden or obligation other than that imposed by operation of law, and recognizing that defenses may be set forth alternatively, Hartford asserts the following Affirmative and/or Additional Defenses to the claims set forth in Plaintiff's Complaint, and reserves the right to seek leave to amend or supplement these defenses as discovery and further investigation warrant:

1.     Plaintiff's claims may be barred, in whole or in part, because they fail to state a claim upon which relief may be granted.

2.     Plaintiff's allegations in the Complaint fail to meet the federal pleading standards of *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in that Plaintiff has failed to plead facts in her Complaint to make it plausible—not merely possible or conceivable—that she will be able to prove facts to support her claims for bad faith and breach of contract.

3.     Plaintiff's claims are barred, in whole or in part, by applicable provisions in the Policy, including but not limited to all terms, conditions, limitations, exclusions, and deductibles that apply by virtue of facts which may become known during the course of discovery or further investigation, including any Oklahoma Policy amendments or endorsements, or Plaintiff's failure to comply therewith.

4

4.      Plaintiff's claims may be barred, in whole or in part, because she did not present Hartford with a loss insured by the Policy.

5.      Plaintiff's claims may be barred, in whole or in part, by the failure of Plaintiff to meet the pre-conditions and/or other required elements for uninsured/underinsured coverage under the Policy.  In particular, Plaintiff (i) has not shown she is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of bodily injury or that this is an "uninsured motor vehicle" under the Policy; (ii) has not shown that the injuries and conditions for which Plaintiff seeks uninsured/underinsured benefits are caused by, related to, or arise out of the accident or from the negligence of an underinsured driver from whom she seeks to recover; and (iii) has not shown that the damages and injuries caused by the negligence of an underinsured driver exceed the available liability limits of that driver.  *See, e.g.*, Policy, Amendatory Endorsement, I. Part C – Uninsured Motorists Coverage – Oklahoma (Stacked), Insuring Agreement § I.A.2, C.2.

6.      Plaintiff's claims may be barred, in whole in part, by her failure to present a claim for UIM benefits, and/or her failure to meet her burden of proving her damages simultaneously with her other pre-conditions and burdens in the submission of her underinsured motorist claim, as is her burden under Oklahoma law in effect at the time.

7.      Plaintiff's claims may be barred, in whole or in part, because the Plaintiff's medical expenses and conditions were not reasonable or necessary or caused by or related to the car accident, but, at least in part, preexisted the accident.

8.      Plaintiff's claims may be barred, in whole or in part, by payment and/or accord and satisfaction, including amounts paid by the Tortfeasor or liability carrier, or by the duplicate payment provisions of the Policy.  *See, e.g.*, Policy, Limits of Liability, D ("We will not make a

duplicate payment under this [UM] coverage for any element of loss for which payment has been made by or on behalf of persons or organizations who may be legally responsible.").

9.      Plaintiff's claims may be barred, in whole or in part, by the failure of Plaintiff to meet the pre-conditions and/or other required elements of the Policy. Plaintiff's claims for benefits are contingent upon the satisfactory fulfillment of any duties imposed upon Plaintiff under the Policy. *See, e.g.*, Policy, Amendatory Endorsement, I. Part C – Uninsured Motorists Coverage – Oklahoma (Stacked), Additional Duties ("A person seeking Uninsured Motorists Coverage must also: . . . [p]rovide us with written (a) Documentation of economic losses, including copies of all medical bills; and (b) Authorization or a court order for us to obtain reports from all employers and medical providers.").

10.     Plaintiff's claims may be barred, in whole or in part, by amounts previously paid to Plaintiff or any other insured for her claims by Hartford, the applicable deductibles in the Policy, and other limitations in the Policy.

11.     Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations and/or laches under Oklahoma law or the Policy. *See, e.g.*, OKLA. STAT. tit. 12, § 95; Policy, Part B – Medical Payments Coverage, Insuring Agreement, § (A) ("We will pay only those expenses incurred for services rendered within 3 years from the date of the accident.").

12.     Plaintiff's claims may be barred, in whole or in part, by her failure to cooperate with Hartford or failure to comply with her duties, as required by her contract. *See, e.g.*, Policy, Part E – Duties After an Accident or Loss, § (B)(1) ("A person seeking any coverage must: 1. Cooperate with us in the investigation, settlement or defense of any claim or suit . . . .4. Authorize us to obtain: a. Medical Reports; and b. Other pertinent records."); § (C)(2) ("A person

seeking Uninsured Motorist Coverage must also: . . . 2. Promptly send us copies of the legal papers if a suit is brought.").

13.     Plaintiff's claims may be barred, in whole or in part, because there was a legitimate dispute over the scope or existence of coverage or the amounts of her damages.

14.     Plaintiff's claims may be barred, in whole or in part, by her failure to submit or give access to her complete medical bills and records to allow for adjustment and evaluation of her UIM claim.

15.     At all times, Hartford acted in good faith and in accordance with the Policy and the applicable law in effect at the relevant time.

16.     Plaintiff's damages, if any, are the result of her own acts and omissions or negligence for which Hartford is not responsible.

17.     Plaintiff's damages, if any, are the result of acts and omissions of third parties or her own attorney or his staff over whom Hartford has no control or right of control.

18.     Plaintiff has suffered no injury in fact or damages as a result of any alleged act or omission of Hartford.

19.     Plaintiff's claims may be barred by intervening and/or supervening causation.

20.     Plaintiff's claims for relief are barred or limited by setoff and/or recoupment.

21.     In the event that a judgment is entered against Hartford, Hartford is entitled to a reduction of the judgment to the extent of any collateral source payments or adjustments to her medical bills.

22.     Plaintiff has failed to mitigate her damages, if any.

23.     Plaintiff's claimed damages are not of the nature or to the extent alleged.

24.     Hartford asserts all defenses available under tort reform.

25.     Attorney fees are not recoverable by law for this type of case or claim.

26.     Plaintiff's lawsuit may be barred by the Legal Action Against Us provision in the Policy, which states no legal action may be brought against Hartford until there has been full compliance with all terms of the Policy.

27.     Plaintiff's claims may be barred, in whole or in part, because she destroyed or impaired Hartford's subrogation rights and failed to comply with the terms and conditions of the Policy and Oklahoma law. *See, e.g.*, Policy, Additional Duties, 1 ("A person seeking Uninsured Motorist Coverage must also: 1. Give us written notification by certified mail of a tentative settlement between the insured and the insurer of the uninsured motor vehicle and allow us 60 days to advance payment to the insured equal to the tentative settlement to preserve our rights against the insurer, owner or operator of such uninsured motor vehicle."); 36 O.S. § 3636 ("if a tentative agreement to settle for liability limits has been reached with an insured tort-feasor, written notice shall be given by certified mail to the uninsured motorist coverage insurer by its insured" and describing what "[s]uch written notice shall include").

28.     Plaintiff's claims may be barred by waiver, estoppel, or other equitable doctrines.

29.     Plaintiff's claim for punitive damages is barred for the following reasons:

        (a)     Plaintiff fails to state a cause of action for punitive damages;

        (b)     The Policy's Uninsured Motorist Coverage does not provide for punitive or exemplary damages;

        (c)     Hartford did not engage in any act or omission that was malicious, willful, wanton, reckless, or grossly negligent, and therefore, any award of punitive damages is barred;

        (d)     Plaintiff is not entitled to punitive damages under OKLA. STAT. tit. 23, § 9.1, and case law interpreting the same;

(e)     Punitive damages are not recoverable from Hartford as a matter of law;

(f)     Due to the lack of clear standards, the imposition of punitive damages against Hartford would be unconstitutional under the doctrines of vagueness and overbreadth;

(g)     Plaintiff's demand for punitive damages is subject to any and all standards or limitations regarding the determination and enforceability of punitive damage awards which arose in the decisions of *BMW of North America v. Gore*, 517 U.S. 559 (1996), and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2002), and any other or subsequent case law interpreting the same; and/or

(h)     Plaintiff's claim for punitive damages may violate the provisions of the United States Constitution and Oklahoma Constitution, including the protections and prohibitions of the double jeopardy and due process clauses; and to the extent Plaintiff seeks to recover punitive damages in an amount which is unconstitutionally excessive, such damages would violate Article II §§ 7 and 9 of the Oklahoma Constitution and the Due Process Clause of the Fourteenth Amendment and applicable United States Supreme Court precedent.

Respectfully submitted,


*s/ Jodi W. Dishman*
Jodi W. Dishman, OBA # 20677
McAfee & Taft A Professional Corporation
211 North Robinson, 10th Floor
Oklahoma City, OK  73102
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
E-mail:        jodi.dishman@mcafeetaft.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of July, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following registrants:

W. Cullen McMahon
W. Cullen McMahon, PLLC
Three Forest Plaza
12221 Merit Drive, Suite 945
Dallas TX 75251
ATTORNEY FOR PLAINTIFF

Additionally, I hereby certify that a true and correct copy of the above and foregoing was sent by U.S. Postal Service this 19th day of July, 2017, to:

W. Cullen McMahon
W. Cullen McMahon, PLLC
Three Forest Plaza
12221 Merit Drive, Suite 945
Dallas TX 75251
ATTORNEY FOR PLAINTIFF

*/s/ Jodi W. Dishman*
Jodi W. Dishman