UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLIE MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:17-cv-00247-JHP |
| ) | |
| HARTFORD UNDERWRITERS ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f) a meeting was held on August 1, 2017 at 1:30 PM. Plaintiff Billie Monroe appearing by counsel, W. Cullen McMahon of W. Cullen McMahon, PLLC (Mr. McMahon is located in Dallas, Texas), and Defendant Hartford Underwriters Insurance Company appearing by counsel, Jodi W. Dishman of McAfee & Taft (Ms. Dishman is located in Oklahoma City, Oklahoma).

1. **Summary of Claims**:

Plaintiff:  Plaintiff owned an insurance policy for her 2012 Toyota Camry purchased from the Defendant Hartford Underwriters Insurance Company.  The aforementioned insurance policy does contain a clause providing for Underinsured Motorist Coverage.  Plaintiff was in a motor vehicle accident on April 16, 2012, during which the underinsured policy was in effect.  The other driver's insurance company has already tendered policy limits.

2. **Summary of Defenses**:

Defendant:   Hartford Underwriters Insurance Company ("Hartford") issued an automobile policy to Plaintiff providing uninsured motorist ("UM") coverage.  On April 16, 2012, Plaintiff was a passenger in a vehicle that was rear-ended at a low rate of speed.  Following the accident, Plaintiff was treated initially with an emergency room visit and two primary care visits within a month of the accident.  Nineteen months later, she had additional medical treatment—including epidural injections and radiology—that she claims relates to her 2012 car accident.  Plaintiff had prior back surgery in 2011 following a slip-and-fall in 2009; she also had a car accident in approximately 2003.  Her prior injuries and medical condition, plus the gap in medical treatment following the 2012 car accident, call into question causation and how much of Plaintiff's alleged medical is related to the 2012 car accident.

During claims handling, Hartford repeatedly sought from Plaintiff information and cooperation about her UM claim and the amount of medical at issue so that it could evaluate and pay her UM claim.  Plaintiff never provided the information requested by Hartford or cooperated in Hartford's attempt to investigate and settle the UM claim.  Instead, Plaintiff filed this lawsuit alleging claims for bad faith and breach of contract.

Hartford did not act in bad faith and has not breached its contract with Plaintiff. Plaintiff's claim may be barred by her failure to cooperate or comply with her duties under the policy and her failure to meet her burden of proving her UM claim. Plaintiff's bad faith claim may also be barred by the two-year statute of limitations. To the extent Plaintiff is entitled to recover under her UM coverage, her medical expenses and conditions were not caused by or related to the 2012 car accident, but at least in part preexisted the accident, and her recovery is reduced by any amount tendered by the tortfeasor's liability carrier. Hartford does not abandon the affirmative and other defenses asserted in its Answer (Dkt No. 9).

3. **Stipulations**:

A. Jurisdiction Admitted:     X     Yes     No Explain:

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are diverse, and the amount in controversy exceeds $75,000.

B. Venue appropriate:     X     Yes     No   Explain:

The U.S. District Court for the Eastern District of Oklahoma is the appropriate venue because the initial action was filed and removed from Bryan County, Oklahoma, where the accident occurred.

C. Facts:

a. The contract at issue in this lawsuit is automobile policy number 55 PHF521009 for the policy period January 29, 2012, to January 29, 2013, issued by Hartford Underwriters Insurance Company and listing Plaintiff Billie Monroe as a "Named Insured."
b. The car accident in question occurred on April 16, 2012.

D. Law: No stipulations at this time.

4. **Discovery Plan**: The parties jointly propose to the Court the following discovery plan: (Use separate paragraphs or subparagraphs as necessary if parties disagree.)

Discovery will be needed on the following subjects:

Plaintiff: Plaintiff's injuries and medical damages, and the potential claims handling processes.

Defendant: Basis for Plaintiff's claims; basis for Plaintiff's claimed damages; statute of limitations defense; causation and relatedness of injuries and bills to car accident in April 2012, including discovery of her prior car accident and slip-and-fall injuries and treatment for those injuries; Plaintiff's cooperation in claims handling process; Plaintiff's compliance with policy terms and conditions; whether Plaintiff met her burden of proving UM claim.

All discovery commenced in time to be completed by: Unknown because Plaintiff asserts she is continuing to treat, but Parties estimate 6-8 months or by April 30, 2018. Discovery on   n/a
(issue for early discovery)     n/a     to be completed by     n/a     .

        Maximum of <u>25</u> interrogatories by each party to any other party.  Responses due <u>33 (30 + 3 for mailing) days</u> after service.

        Maximum of <u>25</u> requests for admission by each party to any other party.  Responses due <u>33 (30 + 3 for mailing) days</u> after service.

        <u>10</u> depositions by plaintiff(s) and <u>10</u> depositions by defendant(s).

        Each deposition (other than of <u>   n/a   </u>) limited to maximum of <u>7</u> hours unless extended by agreement of parties.

5. **All parties consent to trial before Magistrate Judge?**
   _____ Yes  ___X___ No  (If yes is marked you must sign and file a consent form)

6. **Settlement Plan**:
   Settlement Conference requested after <u>March 30, 2018</u>.
   Other ADR (explain) _____.

7. **Estimated Litigation Costs**:
   A. Plaintiff
   (1) Through discovery cutoff        $ __5,000_____
   (2) Discovery cutoff through trial    $ __10,000_____
   (3) Appeal                           $ __2,000_____
        Total                          $ __17,000_____

   B. Defendant
   (1) Through discovery cutoff        $ __15,000_____
   (2) Discovery cutoff through trial    $ __15,000_____
   (3) Appeal                           $ __10,000_____
        Total                          $ __40,000_____

   **GRAND TOTAL (All Parties**       $ _____

   <u>$0-$200,000 (the amount of UM coverage under the policy).</u> Actual amount in controversy (may be expressed in a dollar range)

APPROVED:


*/s W. Cullen McMahon*
W. Cullen McMahon
W. Cullen McMahon, PLLC
Three Forest Plaza
12221 Merit Drive, Suite 945
Dallas, Texas 75251
(214) 810-4878 – Phone
(214) 810-4879 – Fax
cullen@mcmahonlawfirm.com

Attorney for Plaintiff Billie Monroe


*/s Jodi W. Dishman*
Jodi W. Dishman
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 N. Robinson
Oklahoma City, OK 73102
(405) 552-2314 – Phone
(405) 228-7314 – Fax

and

Williams S. Leach, OBA # 14892
McAfee & Taft A Professional Corporation
Two West 2nd Street, Suite 1100
Williams Tower II
Tulsa OK 74103
(918) 587-0000
(918) 599-9317 (fax)
bill.leach@mcafeetaft.com


Attorneys for Defendant Hartford Underwriters Insurance Company